LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Kera Zaragosa

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CV 11 - 02492

| | |
|---|---|
| Kera Zaragosa,<br><br>                Plaintiff,<br><br>     vs.<br><br>Marigold Financial LLC.; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

BY FAX

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Kera Zaragosa, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

3. Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

5. The Plaintiff, Kera Zaragosa (hereafter "Plaintiff"), is an adult individual residing at 3646 Meadowview Drive Riverside, California 92503, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Marigold Financial LLC ("Marigold"), is a California business entity with an address of 3649 9th Street Riverside, CA 92501, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by Marigold and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Marigold at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

9. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $45.00 (the "Debt") to Riverside Medical Clinic (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Marigold for collection, or Marigold was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.  **Marigold Engages in Harassment and Abusive Tactics**

13. Marigold placed a negative mark on Plaintiff's credit report for a debt that was incurred due to a clerical error on behalf of the Creditor and has been satisfied with the Creditor, in the original amount of $45.00. Marigold reported the alleged debt amount as $5859.00 on Plaintiff's credit report and reported it as delinquent.

14. Marigold failed to send to Plaintiff a 30 day validation letter.

15. The Plaintiff sent 5 letters to Marigold with requests to verify the debt. Marigold failed to do so and still reported false information to the credit bureaus.

16. Marigold went straight to the credit bureaus and never in the past requested payment from the Plaintiff nor sent her any collection letters to advise her of her rights and that she owes this alleged debt.

17. The Plaintiff received its first letter from Marigold with demand for payment on February 24, 2011 and followed by a second letter on February 28, 2011. The letters were sent after the Plaintiff advised Marigold that she is being represented by an attorney.

18. After the Plaintiff notified Marigold that she is being represented by an attorney, the debt amount was changed to $875.00 on her credit report, but that status remained the same.

19. The Plaintiff has disputed the debt with three credit reporting agencies and both Transunion and Equifax deleted the entry altogether. The "Debt" was originally listed on the Credit Report as Money Control, then was deleted for false reporting and re-listed under Marigold. Experian has failed to address Plaintiff's multiple requests to re-investigate the negative marking as false information and has failed to delete it from the credit report.

20. The Plaintiff sent a dispute letter to Marigold 01/18/11, Marigold called Plaintiff two (2) times with an attempt to collect the debt after receipt of dispute letter.

21. Marigold continues to report Plaintiff's account to one or more of the three national consumer reporting agencies (hereafter "CRAs") as having current balances due and payable. Marigold has intentionally and maliciously reported accounts to the CRAs after failing to establish in court that it was the owner of said accounts.

22. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Marigold.

C.  **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

28. The Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

29. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

30. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

32. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

33. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

34. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

35. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

36. The Defendants continued collection efforts even though the debt had not been verified, in violation of 15 U.S.C. § 1692g(b).

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# COUNT II
# VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

41. Marigold Financial LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

42. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

43. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  March 24, 2011                LARA SHAPIRO

1
2
3      By: __/s/   Lara R. Shapiro_____
4      Lara R. Shapiro
5      Attorney for Plaintiff
6      Kera Zaragosa
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COPY

Lara R. Shapiro
4145 Via Marina #324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Kera Zaragosa, PLAINTIFF(S) | CV 11 - 02492 PSG PLAx |
| v. | |
| Marigold Financial LLC; and DOES 1-10, inclusive, DEFENDANT(S). | SUMMONS |

BY FAX

TO:  DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Lara Shapiro_____, whose address is _4145 Via Marina #324, Marina del Rey, CA 90292_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
Clerk, U.S. District Court

Dated: MAR 24 2011

By: _____L. M_____
   Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                              SUMMONS